SANFORD L. MICHELMAN (SBN 179702)
(smichelman@mrllp.com)
MONA Z. HANNA (SBN 131439)
(mhanna@mrllp.com)
WARREN A. KOSHOFER (SBN 213350)
(wkoshofer@mrllp.com)
JORDAN R. BERNSTEIN (SBN 255816)
(jbernstein@mrllp.com)
**MICHELMAN & ROBINSON, LLP**
15760 Ventura Boulevard, 5th Floor
Encino, CA 91436
Telephone:   (818) 783-5530
Facsimile:    (818) 783-5507

Attorneys for GEMCAP LENDING I, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CROPUSA INSURANCE SERVICES, LLC, an Idaho limited liability company; CROP USA, LLC, a limited liability company of unknown origin; AIA INSURANCE, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; R. JOHN TAYLOR a/k/a RAY JOHNSON TAYLOR a/k/a R. JOHNSON TAYLOR a/k/a RAYMOND J. TAYLOR, an individual; REINSURANCE PARTNERS, LLC, an Idaho limited liability company; GREEN LEAF REINSURANCE PARTNERS, LLC, a Delaware limited liability company; WESKAN AGENCY, LLC, a Kansas limited liability company; SOUND INSURANCE AGENCY, an Idaho | Case No.:  CV 13-05504 SJO (MANx)<br><br>Assigned for All Purposes to the Honorable S. James Otero<br><br>***EX PARTE* APPLICATION FOR ORDER GRANTING PLAINTIFF LEAVE TO EXCEED THE PAGE LIMIT FOR MOTION OPPOSITIONS SET FORTH IN THE COURT'S INITIAL STANDING ORDER ¶ 21, OR, IN THE ALTERNATIVE, FOR AN CONTINUANCE OF THE BRIEFING SCHEDULE BY 24 HOURS TO FILE AN AMENDED OPPOSITION IN COMPLIANCE WITH ¶ 21 OF THIS COURT'S INITIAL STANDING ORDER; DECLARATION OF JORDAN R. BERNSTEIN IN SUPPORT.**<br><br>[*Filed concurrently with [Proposed] Order, Opposition to Motion to Dismiss Second Amended Complaint,* |

1

**GEMCAP LENDING I, LLC'S *EX PARTE* APPLICATION FOR ORDER GRANTING PLAINTIFF LEAVE TO EXCEED THE PAGE LIMIT FOR MOTION OPPOSITIONS SET FORTH IN THE COURT'S INITIAL STANDING ORDER ¶ 21,  OR, IN THE ALTERNATIVE, FOR AN CONTINUANCE OF THE BRIEFING SCHEDULE BY 24 HOURS TO FILE AN AMENDED OPPOSITION IN COMPLIANCE WITH ¶ 21 OF THIS COURT'S INITIAL STANDING ORDER**

346835

| | | |
|---|---|---|
| 1 | assumed business name; PACIFIC EMPIRE RADIO CORPORATION, an Idaho corporation; RANDOLPH LAMBERJACK, an individual; JOLEE DUCLOS, an individual; BRYAN FREEMAN, an individual; and HILLCREST AIRCRAFT COMPANY, an Idaho corporation; CGB DIVERSIFIED SERVICES, INC. dba DIVERSIFIED CROP INSURANCE SERVICES, a Louisiana Corporation; and GREEN LEAF RE INSURANCE COMPANY. | *Evidentiary Objections and Notices of Lodging Evidence*] |
| | | [This Ex Parte Application has been filed after making reasonable efforts to provide Notice to Counsel for the Moving Defendants in Compliance with L.R. 7-19] |
| 8 | Defendants. | |

## *EX PARTE* APPLICATION TO EXCEED OPPOSITION PAGE LIMIT OR LEAVE TO AMEND FOR 24 HOURS

Plaintiff, GemCap Lending I, LLC ("Plaintiff"), through its undersigned counsel, request an *ex parte* Order granting Plaintiff leave to exceed the page limits for motion opposition briefs set forth in ¶ 21 of this Court's Initial Standing Order, or, in the alternative, a twenty-four (24) hour continuance of the briefing schedule to allow the Plaintiff to file an amended opposition brief should the Court decline to grant Plaintiff leave to exceed the page limits set by this Court. Concurrently herewith, Plaintiff is filing its Opposition to Defendants JoLee Duclos ("Duclos"), Brian Freeman ("Freeman"), Randolph Lamberjack ("Lamberjack," and collectively with Duclos and Freeman hereinafter referred to as the "Moving Individuals"), Pacific Empire Radio Corporation ("PERC"), Weskan Agency LLC ("Weskan"), and Green Leaf RE Insurance Company ("Green Leaf Company," and collectively with PERC and Weskan hereinafter referred to as the "Moving Entities") Motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(2) and 12(b)(6) (hereinafter referred to as the "Motion") [Docket No. 115] to Dismiss Plaintiff's Second Amended Complaint ("SAC") [Docket No. 102]. The Moving Individuals and the Moving Entities are hereinafter collectively referred to as the "Moving Defendants".

2

**GEMCAP LENDING I, LLC'S *EX PARTE* APPLICATION FOR ORDER GRANTING PLAINTIFF LEAVE TO EXCEED THE PAGE LIMIT FOR MOTION OPPOSITIONS**

346835

This Application is brought ex parte for good cause because: (1) Plaintiff will be irreparably prejudiced if this ex parte Application was heard according to regular noticed motion procedures; and (2) Plaintiff is not to blame in creating the urgent nature of this request. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp 488 (C.D. Cal. 1995). Indeed, good cause exists in this case, because, among other things: (1) Plaintiff will be irreparably prejudiced if it is unable to file its Opposition to the Motion with the additional pages; and (2) Plaintiff is essentially opposing six motions in one due to the fact that six Defendants filed one motion, but the facts and evidence that support the opposition to each respective Moving Defendants motion is distinct and varies from moving party to moving party creating the need for a page extension.

Counsel for the Plaintiff has attempted in good faith to satisfy its obligation under Local Rule 7-3 to meet and confer with counsel for the Moving Defendants prior to filing this ex parte Application – attempting to contact counsel for each of the Moving Defendants via phone leaving messages for counsel and by sending an email with the exact nature of the relief sought as evidenced in the Declaration of Jordan Bernstein. Further, Counsel for Plaintiff has complied with Local Rule 7-19 by, among other things, making reasonable good faith efforts, as evidenced in the Declaration of Jordan Bernstein, to advise counsel for all other parties of the substance of this ex parte Application.

This Application is based on the Declaration of Jordan R. Bernstein and exhibits attached thereto, the Memorandum of Points and Authorities filed herewith, and the pleadings, records and files in this action.

DATED: December 16, 2013        **MICHELMAN & ROBINSON, LLP**

By:    /S/ Jordan R. Bernstein
SANFORD L. MICHELMAN
MONA Z. HANNA
WARREN A. KOSHOFER
JORDAN R. BERNSTEIN
Attorneys for GEMCAP LENDING I, LLC

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Upon direction of the Court, the Motion was filed jointly by the six Moving Defendants, each of them moving based upon a claim this Court lacks personal jurisdiction [12(b)(2)] over each, respectively, and each arguing that the SAC fails to state sufficient facts [12(b)(6)] to state a claim against each of the Moving Defendants. Thus, the Plaintiff has been forced to oppose essentially six motions in one opposition brief, this despite the fact that the facts and evidence supporting personal jurisdiction over each Moving Defendant vary and are particular and individualized for each of the Moving Defendants. The facts and evidence in opposition include references to and incorporation of the jurisdictional discovery (depositions lodged concurrently herewith) conducted on each of the Moving Defendants, as well as the references to the allegations in the SAC regarding each Moving Defendants. Plaintiff made good faith reasonable efforts to comply with the twenty page limit for Motion Opposition briefs prescribed by ¶21 of this Court's Initial Standing Order, but the Opposition currently exceeds twenty pages by less than five additional pages.

Plaintiff respectfully requests that the Court grant Plaintiff leave to exceed the page limit set forth in ¶21 of the Court's Initial Standing Order and accept its Opposition brief. It should be noted that the Opposition brief is in compliance with Local Rule 11-6, which sets forth a twenty-five page limit for motion oppositions. Plaintiff's Opposition though exceed this Court's page limit by less than five pages or 20% of the overall twenty page limit prescribed by ¶21 of the Court's Initial Standing Order for Cases. Plaintiff would have no objection to the Moving Defendants' Reply similarly exceeding the five page limit prescribed by ¶21 of the Court's Standing Order by one page – which is also 20%.

In the alternative, if the Court is not inclined to grant Plaintiff's request for leave to exceed the twenty page limit of ¶ 21, Plaintiff hereby respectfully requests a brief twenty-four hour continuance of the briefing schedule in order to permit the

4

**GEMCAP LENDING I, LLC'S *EX PARTE* APPLICATION FOR ORDER GRANTING PLAINTIFF LEAVE TO EXCEED THE PAGE LIMIT FOR MOTION OPPOSITIONS**

346835

1  Plaintiff to file an amended Opposition within twenty-four hours of the Court's
2  ruling on the Application.

4  DATED: December 16, 2013          **MICHELMAN & ROBINSON, LLP**

6                                    By:    /s/ Jordan R. Bernstein
7                                         SANFORD L. MICHELMAN
                                          MONA Z. HANNA
8                                         WARREN A. KOSHOFER
                                          JORDAN R. BERNSTEIN
9                                         Attorneys for GEMCAP LENDING I, LLC

# DECLARATION OF JORDAN R. BERNSTEIN

I, Jordan R. Bernstein, declare and testify as follows:

1.  I am an attorney duly licensed to practice in the state of California and admitted to practice before the United States District Court, Central District of California. I am an associate with the law firm Michelman & Robinson, counsel of record for Plaintiff GemCap Lending I, LLC ("GemCap"). I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could and would testify competently thereto under oath.

2.  It was determined by our office, shortly before the December 16, 2013 filing deadline, that it would be extremely difficult to oppose the Motion to Dismiss filed by Defendants JoLee Duclos, Brian Freeman, Randolph Lamberjack, Pacific Empire Radio Corporation, Weskan Agency LLC, and Green Leaf RE Insurance Company (collectively, the "Moving Parties") in twenty or less pages, because GemCap is opposing the Motion to Dismiss as to each of the Moving Parties individually and basing its Opposition upon six separate jurisdictional depositions of each Moving Party and the allegations pertaining to each in the Second Amended Complaint.

3.  As such, instead of simply filing the opposition at its current page length of shortly under twenty-five pages, we filed the instant ex parte application seeking leave from the Court to exceed the page limit for the Opposition set forth in the Court's Initial Standing Order ¶ 21.

4.  On Monday, December 16, 2013, I sent email correspondence to counsel for each of the Moving Parties stating, in sum, that Plaintiff intends to seek leave of the Court to exceed the page limit set forth in ¶ 21 of the Court's Initial Standing Order, or, in the alternative, leave to file an amended Opposition should the Court decline Plaintiff's request. I further stated that I would be following up by phone to discuss the matter with each of them. Attached hereto as **Exhibit A** is

6

**GEMCAP LENDING I, LLC'S *EX PARTE* APPLICATION FOR PERMISSION TO EXCEED THE OPPOSITION PAGE LIMIT OR LEAVE TO AMEND FOR 24 HOURS**

346835

1  a true and correct copy of the email sent on December 16, 2013 to counsel for the
2  Moving Defendants.

3      5.    At 12:22pm on December 16, 2013, I called the office of John Munding, Esq., counsel for Defendants JoLee Duclos, Brian Freeman, Pacific Empire Radio Corporation, Weskan Agency LLC, and Green Leaf RE Insurance Company to discuss the instant *ex parte* application. I was informed that Mr. Munding was unavailable, and thus I left message with "Ali" of his office specifically stating the nature of the relief Plaintiff was seeking, the fact that the application would be filed today – December 16, 2013 – and that if Mr. Munding could call me back to discuss same that would be greatly appreciated. I also informed "Ali" that Mr. Munding could simply respond to my email indicating whether his clients had any issue with the relief we sought, or whether his clients did not oppose same.

      6.    At 12:24pm on December 16, 2013, I called the office of Sean Kneafsey, Esq., counsel for Defendant Randolph Lamberjack, I was informed by the receptionist that Mr. Kneafsey was unavailable, and thus I left a voicemail specifically stating the nature of the relief Plaintiff was seeking, the fact that the application would be filed today – December 16, 2013 – and that if Mr. Kneafsey could call me back to discuss same that would be greatly appreciated. I also let Mr. Kneafsey know that if he received the voicemail he could simply respond to my email indicating whether his client had any issue with the relief we sought, or whether Defendant Lamberjack did not oppose same.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on this 16th day of December, 2013 at Encino, California

                                          /s/ Jordan R. Bernstein
                                          Jordan R. Bernstein

7

**GEMCAP LENDING I, LLC'S *EX PARTE* APPLICATION FOR ORDER GRANTING PLAINTIFF LEAVE TO EXCEED THE PAGE LIMIT FOR MOTION OPPOSITIONS**

346835