1
2
3
4
5
6
7
8
9
10
11

## THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  GEMCAP LENDING I, LLC,          | CASE NO. CV-13-05504 SJO (MANx)

13              Plaintiff,           | Hon. S. James Otero

14      vs.

15  CROP USA INSURANCE AGENCY,      | **PROTECTIVE ORDER ENTERED**
    INC., et al.                    | **PURSUANT TO THE PARTIES'**
16                                  | **STIPULATION**
              Defendants.
17
18

19
20          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

21  the parties' Stipulation and [Proposed] Protective Order Governing Discover

22  Material ("Stipulation") filed on February 19, 2014, the terms of the protective order

23  to which the parties have agreed are adopted as a protective order of this Court

24  (which generally shall govern the pretrial phase of this action) except to the extent,

25  as set forth below, that those terms have been substantively modified by the Court's

26  amendment of paragraphs 1, 3, 4, 5.2(a), 5.(b), 8, 10.1, 10.2, 12.4(a), and 12.4(c) of,

27  and Exhibit A to, the Stipulation.

28          The parties are expressly cautioned that the designation of any information,

1  document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or

2  other designation(s) used by the parties, does not, in and of itself, create any

3  entitlement to file such information, document, or thing, in whole or in part, under

4  seal.  Accordingly, reference to this Protective Order or to the parties' designation of

5  any information, document, or thing as Confidential, Highly Confidential –

6  Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly

7  insufficient to warrant a filing under seal.

8      There is a strong presumption that the public has a right of access to judicial

9  proceedings and records in civil cases.  In connection with non-dispositive motions,

10  good cause must be shown to support a filing under seal.  The parties' mere

11  designation of any information, document, or thing as Confidential, Highly

12  Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does

13  not -- **without the submission of competent evidence, in the form of a**

14  **declaration or declarations, establishing that the material sought to be filed**

15  **under seal qualifies as confidential, privileged, or otherwise protectable** --

16  constitute good cause.

17      Further, if sealing is requested in connection with a dispositive motion or

18  trial, then compelling reasons, as opposed to good cause, for the sealing must be

19  shown, and the relief sought shall be narrowly tailored to serve the specific interest

20  to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th

21  Cir. 2010).  For each item or type of information, document, or thing sought to be

22  filed or introduced under seal in connection with a dispositive motion or trial, the

23  party seeking protection must articulate compelling reasons, supported by specific

24  facts and legal justification, for the requested sealing order.  **Again, competent**

25  **evidence supporting the application to file documents under seal must be**

26  **provided by declaration.**

27      Any document that is not confidential, privileged, or otherwise protectable in

28  its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## AGREED TERMS OF PROECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT

1.     PURPOSES AND LIMITATIONS

**The parties agree that** disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation **may** be warranted.  Accordingly, the parties **have stipulated** to **the entry of** the following Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled**,** under the applicable legal principles**,** to treatment as confidential.  No protections shall be permitted and no designations of confidentiality honored if the Court determines that, on balance, the public interest in disclosure of information outweighs the private interests in the protection of information designated in good faith as confidential pursuant to the provisions of this **O**rder.  Likewise, no confidentiality protection shall be permitted for information that is determined by the Court **not to qualify for such protection or** to demonstrate a deliberate effort by any of the parties or their agents to conceal or mislead the public.  The parties also acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the **C**ourt to file material under seal.

2.    DEFINITIONS

2.1    "Party":  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    "Disclosure or Discovery Material":  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential — Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of serious harm to the Producing Party (as defined below), **which** could not be avoided by less restrictive means.  Having such a designation in this case is necessary, because certain Defendants compete against one another.  By way of example and not limitation, the Parties anticipate that both they and non-parties will need to protect sensitive proprietary and financial information as "Highly Confidential — Attorneys' Eyes Only" when the disclosure of such documents would pose a serious risk of competitive harm.

2.5    "Receiving Party":  a Party **who or which** receives Disclosure or Discovery Material from a Producing Party.

2.6    "Producing Party":  a Party or non-party **who or which** provides Disclosure or Discovery Material in this action.

2.7    "Designating Party":  a Producing Party **who or which** designates information or items that it produces or discloses, whether in disclosures, discovery

1  responses, or deposition testimony, as "Confidential" or "Highly Confidential
2  Attorneys' Eyes Only."

3      2.8  "Protected Material":  any Disclosure or Discovery Material that is
4  designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5      2.9  "Outside Counsel":  attorneys who are not employees of a Party but
6  who are retained to represent and/or advise a Party in this action.

7      2.10  "House Counsel":  attorneys who are employees of a Party.

8      2.11  "Counsel" (without qualifier):  Outside Counsel and House Counsel (as
9  well as their support staffs).

10      2.12  "Expert":  a person with specialized knowledge or experience in a
11  matter pertinent to the litigation who has been retained by a Party or its counsel to
12  serve as an expert witness or as a consultant in this action.  "Expert" also includes a
13  professional jury or trial consultant retained in connection with this litigation.

14      2.13  "Professional Vendors":  persons or entities **who or which** provide
15  litigation support services (e.g., photocopying; videotaping; translating; preparing
16  exhibits or demonstrations; organizing, storing, retrieving data in any form or
17  medium; etc.) and their employees and subcontractors.

18  3.  SCOPE

19      The protections conferred by this Order cover not only Protected Material (as
20  defined above) but also any information copied or extracted therefrom, as well as all
21  copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony,
22  conversations, or presentations by parties or counsel that might reveal Protected
23  Material.  Disclosure or Discovery Material shall be used solely for the prosecution
24  or the defense of this action, including any appeals, and shall not be used for any
25  other purpose.

26  4.  DURATION

27      Even after the termination of this litigation, the confidentiality obligations
28  imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction over the **P**arties and **others who have agreed to be bound by this Order** for enforcement of its provisions.

5.      DESIGNATING PROTECTED MATERIAL

     5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Producing Party must take care to limit any designations under this Order to specific material that qualifies under the appropriate standards and certifies that the information constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information not generally known to members of the public, including, but not limited to, product or service information, business, marketing, or sales plans, strategies, and analyses, pricing information or plans, client information (including the identity of customers, contracts, customer communications, pricing agreements, and terms of any potential or actual loan), business policies and practices, the identity of employees or contractors, individual employment records, current and projected financial reports, statements, and analyses, revenue, cost and profit information, balance sheets and other financial information, **and** organizational or company structural information**, which** could, if disclosed, result in competitive harm to the Designating Party.

     A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at

1    all or do not qualify for the level of protection initially asserted, that Party or non-
2    party must promptly notify all other parties that it is withdrawing the mistaken
3    designation.

4         5.2    Manner and Timing of Designations.  Except as otherwise provided in
5    this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise
6    stipulated or ordered, material that qualifies for protection under this Order must be
7    clearly so designated before the material is disclosed or produced.  Designation in
8    conformity with this Order requires:

9              (a)    for information in documentary form (apart from transcripts of
10   depositions), that the Producing Party affix the legend "CONFIDENTIAL" or
11   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that
12   contains protected material.  If only a portion or portions of the material on a page
13   qualifies for protection, the Producing Party also must clearly identify the protected
14   portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify,
15   for each portion, the level of protection being asserted (either "CONFIDENTIAL"
16   or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  A Party or
17   non-party **who or which** makes original documents or materials available for
18   inspection need not designate them for protection until after the inspecting Party has
19   indicated which material it would like copied and produced.  During the inspection
20   and before the designation, all of the material made available for inspection shall be
21   deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the
22   inspecting Party has identified the documents it wants copied and produced, the
23   Producing Party must determine which documents, or portions thereof, qualify for
24   protection under this Order**;** then, before producing the specified documents, the
25   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
26   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that
27   contains Protected Material.  If only a portion or portions of the material on a page
28   qualifies for protection, the Producing Party also must clearly identify the protected

1  portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify,

2  for each portion, the level of protection being asserted (either "CONFIDENTIAL"

3  or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

4       (b)  for testimony given in deposition, that the Party or non-party

5  offering or sponsoring the **deposition** testimony **shall** identify on the record, before

6  the close of the deposition, all protected testimony, and further specify any portions

7  of the testimony that qualify as "**CONFIDENTIAL" or** "HIGHLY

8  CONFIDENTIAL — ATTORNEYS' EYES ONLY."  When it is impractical to

9  identify separately each portion of **deposition** testimony that is entitled to

10  protection, and when it appears that substantial portions of the **deposition** testimony

11  may qualify for protection, the Party or non-party that sponsors, offers, or gives the

12  testimony may invoke on the record (before the deposition is concluded) a right to

13  have up to twenty **(20)** days to identify the specific portions of the testimony as to

14  which protection is sought and to specify the level of protection being asserted

15  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

16  ONLY").  Only those portions of the **deposition** testimony that are appropriately

17  designated for protection within the twenty-day period shall be covered by the

18  provisions of this Order.  Transcript pages containing Protected Material must be

19  separately bound by the court reporter, who must affix on each such page the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

21  ONLY," as instructed by the Party or non-party offering or sponsoring the witness

22  or presenting the testimony.

23       (c)  for information produced in some form other than documentary,

24  and for any other tangible items, that the Producing Party affix in a prominent place

25  on the exterior of the container or containers in which the information or item is

26  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

27  ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

28  protection, the Producing Party, to the extent practicable, shall identify the protected

1  portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY

2  CONFIDENTIAL — ATTORNEYS' EYES ONLY."

3       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4  failure to designate qualified information or items as "CONFIDENTIAL" or

5  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not, standing

6  alone, waive the Designating Party's right to secure protection under this Order for

7  such material.  If material is appropriately designated as "CONFIDENTIAL" or

8  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" after the material

9  was initially produced, the Receiving Party, on timely notification of the

10  designation, must make reasonable efforts to assure that the material is treated in

11  accordance with the provisions of this Order.  Good faith disclosure of such material

12  by any Designating Party prior to such later designation, however, shall not be

13  deemed a violation of the provisions of this Order.

14       5.4    Inadvertent Production.  Inadvertent production of any document in the

15  course of this litigation – whether designated as "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL — ATTORNEYS' EYES ONLY" or not designated at all – that a

17  **P**roducing **P**arty later claims should not have been produced because of a privilege,

18  including**,** but not limited to**,** the attorney-client privilege or **the** work product

19  doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to

20  waive any privilege.  The **P**roducing **P**arty may request, in writing, the return of any

21  Inadvertently Produced Privileged Document.  A request for the return of an

22  Inadvertently Produced Privileged Document shall identify the document

23  inadvertently produced and the basis for withholding such document from

24  production.  If a **P**arty or non-party requests the return, pursuant to this paragraph,

25  of any Inadvertently Produced Privileged Document then in the custody of another

26  **P**arty or non-party, such other party shall within five (5) business days return to the

27  requesting party or non-party the Inadvertently Produced Privileged Document and

28  all copies thereof and destroy any electronic copies thereof.  The party returning

such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.  The party returning the material may not further use or disclose the information until the claim of privilege is resolved and must take reasonable steps to**:**  (a) notify any person to whom the returning party has provided the information of the claim of privilege**;** and (b) request that such person not further use or disclose the information until the claim of privilege is resolved.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  A Party **who or which** elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3      Judicial Intervention.  A Party **who or which** elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion pursuant to Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

1   material and sets forth in detail the basis for the challenge.  Each such motion must

2   be accompanied by a competent declaration that affirms that the movant has

3   complied with the meet and confer requirements imposed in the preceding

4   paragraph and that sets forth with specificity the justification for the confidentiality

5   designation that was given by the Designating Party in the meet and confer dialogue.

6       The burden of persuasion in any such challenge proceeding shall be on the

7   Designating Party.  Until the Court rules on the challenge, all parties shall continue

8   to afford the material in question the level of protection to which it is entitled under

9   the Producing Party's designation.

10  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1     Basic Principles.  A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a non-party in connection with this

13  case only for prosecuting, defending, or attempting to settle this litigation.  Such

14  Protected Material may be disclosed only to the categories of persons and under the

15  conditions described in this Order.  When the litigation has been terminated, a

16  Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18      Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21      7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

22  otherwise ordered by the Court or permitted in writing by the Designating Party, a

23  Receiving Party may disclose any information or item designated CONFIDENTIAL

24  only to:

25          (a)     the Receiving Party's Outside Counsel **and** employees of said

26  Counsel to whom it is reasonably necessary to disclose the information for this

27  litigation;

28

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) engaged by or for the Receiving Party to whom **or which** disclosure is reasonably necessary for this litigation and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     an author or intended recipient (*e.g.*, persons "cc'd" or "bcc'd") of the document or the original source of the information, or witnesses who reviewed the document before the commencement of this action, or who are reasonably believed to have previously received the document.

(h)     a deposition witness, if the witness is employed at the time of his or her deposition by the **P**arty **who or which** designated the Protected Material. Any document designated as Protected Material that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Protected Material or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis

for believing that the Protected Material or handwriting was or could have been authored by the deposition witness and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of Protected Material takes place (*e.g.*, by showing the deposition witness a limited sample of the handwriting at issue).

7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel **and** employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts engaged by or for the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement **T**o Be Bound **B**y Protective Order" (Exhibit A);

(e)    an author or intended recipient (*e.g.*, persons "cc'd" or "bcc'd") of the document or the original source of the information;

(f)    a deposition witness, if the witness is employed at the time of his or her deposition by the **P**arty **who or which** designated the Protected Material. Any document designated as Protected Material that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Protected Material or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis

1  for believing that the Protected Material or handwriting was or could have been

2  authored by the deposition witness and provided that the attorney takes reasonable

3  steps to ensure that no unnecessary disclosure of Protected Material takes place

4  (*e.g.*, by showing the deposition witness a limited sample of the handwriting at

5  issue).

6  8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

7  IN OTHER LITIGATION.

8         If a Receiving Party is served with a subpoena or an order issued in other

9  litigation that would compel disclosure of any information or items designated in

10  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

11  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating

12  Party, in writing (by **email and** fax, if possible) immediately and in no event more

13  than three **(3)** court days after receiving the subpoena or order.  Such notification

14  must include a copy of the subpoena or court order.

15         The Receiving Party also must immediately inform in writing the Party who

16  **or which** caused the subpoena or order to issue in the other litigation that some or

17  all the material covered by the subpoena or order is the subject of this Order.  In

18  addition, the Receiving Party must deliver a copy of this Order promptly to the party

19  in the other action **who or which** caused the subpoena or order to issue.

20         The purpose of imposing these duties is to alert the interested parties to the

21  existence of this Order and to afford the Designating Party in this case an

22  opportunity to try to protect its confidentiality interests in the court from which the

23  subpoena or order issued.  The Designating Party shall bear the burdens and the

24  expenses of seeking protection in that court of its confidential material — and

25  nothing in these provisions should be construed as authorizing or encouraging a

26  Receiving Party in this action to disobey a lawful directive from another court.

27  9.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

1  Protected Material to any person or in any circumstance not authorized under this
2  Order, the Receiving Party must immediately**:**  (a) notify in writing the Designating
3  Party of the unauthorized disclosures**;** (b) use its best efforts to retrieve all copies of
4  the Protected Material**;** (c) inform the person or persons to whom unauthorized
5  disclosures were made of all the terms of this Order**;** and (d) request such person or
6  persons to execute the "Agreement to Be Bound by Protective Order" that is
7  attached hereto as Exhibit A.
8  10.     FILING PROTECTED MATERIAL.
9         10.1   Compliance with Civil Local Rule 79-5 Required.  Without written
10  permission from the Designating Party or a court order secured after appropriate
11  notice to all interested persons, a Party may not file in the public record in this
12  action any Protected Material.  A Party that seeks to file under seal any Protected
13  Material must comply with Civil Local Rule 79-5 **and the provisions of this**
14  **Order**.
15         10.2   Use of Protected Material in Filings with the Court.  In the event a
16  **P**arty wishes to use any Protected Material, or any papers containing or making
17  reference to the contents of such Protected Material, in any pleading or document
18  filed with the Court in this action, such pleading or document and Protected Material
19  shall be redacted to conceal any Protected Material or shall be **submitted with an**
20  **application to file such material** under seal **pursuant to Local Rules 79-5 and the**
21  **provisions of this Order**.  All materials so filed shall be released from confidential
22  treatment by the Clerk of the Court only upon further order of the Court or pursuant
23  to a stipulation of all Parties.
24  11.     FINAL DISPOSITION.
25         Unless otherwise ordered or agreed in writing by the Producing Party, within
26  sixty **(60)** days after the final termination of this action, each Receiving Party must
27  return to the Producing Party or, at its option, destroy all Protected Material.  As
28  used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries**,** or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty **(60)** day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence**,** or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

12.     MISCELLANEOUS

   12.1   Right to Further Relief.  Nothing in this Order shall prevent any **P**arty or other person from seeking modification of this Order.  Further, this Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.  Further, this Order is without prejudice to the right of any **P**arty to move the Court for entry of a separate protective order as to any particular document, evidence, or information.

   12.2   Right to Assert Other Objections.  By **having stipulated** to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Designations Not Evidence.  **This** Order **is being entered** to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as Protected Materials, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.4   Expert Materials.

(a)   Notwithstanding any contrary requirement, **and pursuant to the stipulation of the Parties,** the **P**arties shall not be required**, absent further Court order,** to disclose or produce in discovery any:

(i)   drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to Counsel, employees, or consultants for the **P**arty or **P**arties who have retained such expert;

(ii)   notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions;

(iii)   documents or information constituting or reflecting oral or written communications between the expert and his or her staff, unless relied upon as a basis for his or her opinions; or,

(b)   documents or information constituting or reflecting oral or written communications between the expert and the **P**arty, **P**arties, or Counsel who **or which** retained the expert in this action, unless relied upon as a basis for his or her opinions.

(c)   Experts, their staff, and Counsel are free to discard, and need not preserve, copies of any of the documents listed in sub-paragraphs (i) through (**iii**) above.

12.5   Interpretation.  No provision of this Order, and no designation, failure to designate, objection, or conduct **made or** taken by any Designating Party in accordance therewith, shall constitute or be construed as:

(a)   a waiver by any person of any privilege or immunity that may

1   apply to any Discovery Material;

2         (b)    a discharge or modification of any **P**arty or non-party's

3   obligations to answer, respond to, or comply with any discovery request in

4   accordance with the Federal Rules of Civil Procedure;

5         (c)    an agreement by any person to produce any documents or to

6   supply any information;

7         (d)    an admission that documents responsive to any discovery request

8   actually exist, are relevant or material in any way to the issues raised in the pending

9   action, are admissible evidence in such action, or enjoy any legal or protected status

10   as confidential or proprietary; and

11         (e)    a waiver or forfeiture of any trade secret, intellectual-property**,** or

12   proprietary right to, in, or with respect to any Protected Material; or

13         (f)    a modification, discharge, or abandonment of any pre-existing

14   legal obligation that any Designating Party may have to keep any Discovery

15   Material confidential or secret.

16         12.6  Client Consultation.  Nothing in this Order shall prevent or otherwise

17   restrict Counsel from rendering advice to their clients in connection with this action

18   and, in the course thereof, relying generally on examination of Protected Materials;

19   provided, however, that in rendering such advice and otherwise communicating with

20   clients regarding this action, Counsel shall not make specific disclosure of any item

21   so designated or the contents thereof except pursuant to Paragraphs 7.2 and 7.3 of

22   this Order.

23      IT IS SO ORDERED.

24   Dated:  March 5, 2014

25                        MARGARET A. NAGLE

26               UNITED STATES MAGISTRATE JUDGE

27

28

**EXHIBIT A**

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on March 5, 2014, in the case of *GemCap Lending I, LLC. v. CROP USA Insurance Agency, Inc.   et al.*, United States District Court, Central District of California, Case No. CV13-5504 SJO (MANx).  On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by all terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this **Protective** Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of **the enforcement of** the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed this ___ day of _____, 20__, at_____.
City, State

Printed Name: _____

Signature: _____.